**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **RODOLFO GARZA, ET AL.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-05-126** |
| | § | |
| **RIO HONDO, TEXAS, ET AL.,** | § | |
| **Defendants.** | § | |
| | § | |

## OPINION AND ORDER

BE IT REMEMBERED, that on July 25, 2005, the Court **GRANTED IN PART AND DENIED IN PART** Defendants' Motion for Summary Judgment [Dkt. No. 5], and **GRANTED** Defendants' Motion to Dismiss [Dkt. No. 4].

### I. Introduction and Procedural Background

Plaintiffs filed this survival and wrongful death action on June 23, 2004, in the 197th Judicial District Court of Cameron County, Texas. Plaintiffs amended the state complaint twice. On April 11, 2005, Plaintiffs filed their second amended complaint, in which they allege that on June 27, 2002, the decedent, Adelaida Garza, and her minor son, Daniel Garza, sought help at the Rio Hondo Police Department after Daniel's mother began having an asthma attack and collapsed in the back seat of the car Daniel was driving. Plaintiffs allege that two Rio Hondo police officers approached the vehicle, but instead of rendering timely assistance to the decedent, restrained and handcuffed Daniel. The police officers then allegedly conducted a body search of Daniel and a strip search of the vehicle. Emergency Medical Service ("EMS") arrived and took the decedent to the Valley Baptist Medical Center where she could not be revived. Based on these factual allegations, Plaintiffs allege the individual Defendant police officers "refused to offer, or permit [the decedent] emergency medical treatment necessary to save her life," which violated decedent's due process, equal protection, and life and liberty rights under the Texas and United States Constitutions and 42

1

U.S.C. § 1983.  Pls' Second Am. Cmplt. ¶ VII.  Plaintiffs also bring negligence and gross negligence claims against Defendants under Texas survival and wrongful death statutes.  *See* Tex. Civ. Prac & Rem. Code §§ 71.001, et seq.

In their second amended complaint, Plaintiffs added individual defendants and asserted for the first time their federal constitutional claim.  Defendants timely removed the action on April 19, 2005, pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), and have sustained their jurisdictional burden under 28 U.S.C. §§ 1331 and 1343.  Defendants collectively filed both a motion to dismiss the state claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and a motion for summary judgment on the federal constitutional claims pursuant to Federal Rule of Civil Procedure 56.

## II.  Motion for Summary Judgment

### A.  Summary Judgment Standard

Summary judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Factual controversies, if any exist, are resolved in favor of the nonmoving party.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).  The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.*; *see also Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir. 1999).  Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex Corp.*, 477 U.S. at  323, the party "need not negate the elements of the nonmovant's case."  *Little*, 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 323).

If the moving party meets this burden, the nonmovant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (citing *Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See id.* (citing *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *see also* Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

**B. <u>Parties' Arguments</u>**

Defendants move for summary judgment on a purely legal ground. They argue the applicable statute of limitations bars Plaintiffs' federal constitutional claims because personal injury claims brought pursuant to 42 U.S.C. § 1983 are governed by a two-year statute of limitations. Because Plaintiffs did not allege federal constitutional violations until April 11, 2005, over two years after the date of the alleged occurrences on June 27, 2002, Defendants argue Plaintiffs' claims are time-barred.

Plaintiffs have filed what can only be described as an unresponsive and inadequate objection to summary judgment. Citing no case law or authority of any kind, Plaintiffs argue they have not had an opportunity to take the deposition of Officer Rene Belmares, one of the named individual defendants, nor have they had the opportunity to take the deposition of EMTs who eventually arrived at the Rio Hondo police station on June 27, 2002. Plaintiffs additionally state, "the Court should note that there are minors' claims involved, for which limitations would not have run. Additional discovery is furthermore needed to determine if any exceptions to this statute of limitations defense would exist." Pls' Response, at ¶¶ 3 & 5.

In Defendants' reply they do not address Plaintiffs' tolling arguments relating to the statute of limitations.  Instead, they rely solely on the general premise that survival actions are wholly derivative.  Thus, Defendants argue that because the decedent's civil rights action would be barred by the two-year statute of limitations had she been alive, Plaintiffs' civil rights action on the decedent's behalf is also time-barred.  *See* Defs' Reply, at p. 3.

### C.  Court's Analysis of Statute of Limitations

In a section 1983 survival and wrongful death action courts must borrow from applicable state statutes when federal section 1983 law is silent.  *See* 42 U.S.C. § 1988 (dictating that where section 1983 is silent, courts shall look to state common law and statutes when they are not inconsistent with the policies of section 1983); *see also Robertson v. Wegmann*, 436 U.S. 584, 587-89 (1978).  Section 1983 actions are characterized as personal injury actions, and courts apply the state's statute of limitations and tolling provisions to these actions.  *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980); *County of Dallas v. Sempe*, 151 S.W.3d 291, 295 (Tex. App. –Dallas, 2004 pet. filed).  Conversely, however, "[a]ccrual of a § 1983 claim is governed by federal law: 'Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992) (other quotations omitted)).

In Texas, personal injury actions are governed by a two-year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002).  The statute of limitations, however, is tolled if a person entitled to bring a personal injury action is under a legal disability.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b); *see also Sempe*, 151 S.W.3d at 295-96.  Individuals who bring suit under section 1983 as minors, even when the claim is brought by a legal representative, are considered to be under a legal disability at the time the action accrues.  *See Sempe*, 151 S.W.3d 297; *Encisco v. Chmielewski*, 16 S.W.3d 858, 860 (Tex. App. – Houston [14[th] Dist., 2000], no pet.).  The limitations period, therefore, does not begin

4

to run until the minor reaches the age of 18.  *See Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995) (stating section 16.001 tolls the statute of limitations until the minor reaches age eighteen, and thus the claim must be filed before the minor reaches the age of twenty); *Encisco*, 16 S.W.3d at 860; *Texas Utilities Co. v. West*, 59 S.W.2d 459 (Tex. Civ. App. – Amarillo 1933, pet. ref'd); *see also Porter v. Charter Med. Corp.*, 957 F.Supp. 1427 (N.D. Tex. 1997) (noting that upon turning 18 years of age, the applicable statute of limitations begins to run).

Defendants are correct that both survival and wrongful death actions are derivative causes of action.  *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). This means that "if a decedent's action would have been barred by limitations had it been asserted immediately prior to his death, a survival action based on the same alleged wrong is likewise barred."  *Id.* at 345.  The same reasoning applies to wrongful death actions.  *See id.* at 348-49.  In the case at bar, however, Plaintiffs' section 1983 action was not barred at the time of the decedent's death.  Therefore, the statute of limitations applicable to the 1983 action brought by the minors is tolled until they reach the age of majority.  *See Sempe*, 151 S.W.3d at 297 (holding in section 1983 action that where the plaintiffs were minors when their father died and their father's claims were not barred by limitations at the time of his death, state's statute of limitations is tolled during the age of minority until the children reached the age of majority).  The fact that a statute of limitations may have run for the minor Plaintiffs has no bearing on whether the statute of limitations bars claims brought by an adult spouse or parent of the decedent.  *See West*, 59 S.W.2d at 460-61; *Sempe*, 16 S.W.3d at 861 (stating a minor may bring a wrongful death action even if the surviving parent's action is time barred) (citing *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566, 572 (5th Cir. 1982)).

In this case, Rodolfo Garza filed suit individually, as next friend for the minor children, and as a representative of the estate of the deceased.  Neither party has presented the Court with evidence of the children's date of birth.  Thus, it is not clear whether the statute of

limitations has run on one or any of the children bringing suit.[1]  Because the lawsuit has clearly been brought on behalf of the children who were minors at the time the suit was filed, the Court will err on the side of caution and deny summary judgment as to the running of statute of limitations on the children's claims at this early stage of litigation.   Despite the fact that Plaintiffs have the burden of proof at a trial on the merits for demonstrating a tolling of the statute of limitations, the dates of birth of any of the children would be readily attainable information unearthed in the course of discovery.   Thus, should Defendants wish to refile a motion for summary judgment based on the statute of limitations for any of the children involved in this lawsuit, they may do so.     Although the Court has determined the children's claims are not barred by the statute of limitations, the Court now turns to whether Rodolfo Garza's federal claims brought in his individual capacity and on behalf of the estate are barred by the applicable two-year statute of limitations.  "[T]he date a §1983 claim accrues is governed by federal, not state law," despite the fact that the statute of limitations is dictated by state common law or statute.  *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).  A cause of action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Helton*, 832 F.2d at 335.

Plaintiffs' cause of action accrued on June 27, 2002, the date officers allegedly failed to render timely first aid and assistance to the decedent, which is the same date the decedent died.  *See* Pls' Second Am. Cmplt ¶ VII.  Plaintiffs filed their second amended complaint adding state claims and a federal claim against individual officers on April 11, 2005.[2]  Facially, Plaintiffs filed this amended complaint more than two years after the accrual of Plaintiffs' federal cause of action.  Thus, in order for the federal claims against the individual

---

[1]The burden of proof for suspension or tolling of the statute of limitations is on Plaintiffs.  *See Weaver v. Witt*, 561 S.W.2d 792, 794, n.2 (Tex. 1977) ("[I]n a conventional trial on the merits, proof of facts suspending operation of a statute of limitations is the burden of the party pleading suspension."); *see also Porter v. Charter Med. Corp.*, 957 F.Supp. 1427, 1436 (N.D. Tex. 1997) (citations omitted).

[2]Plaintiffs do not assert a federal claim against the city Defendant.  Rather, the new federal claims are brought only against the "Defendant officers."  Pls' Second Am. Cmplt. ¶ VII.

officers to be timely, in the absence of a tolling provision, the new claim must relate back to the original complaint filed on June 23, 2004.

Federal Rule of Civil Procedure 15(c) governs the amendment of a complaint, which includes both adding new claims and new parties. This rule states that an amended complaint relates back to the original pleading if Plaintiffs show that:

> (1) the basic claim has arisen out of the conduct set forth in the original pleading; (2) the party to be brought in has received such notice so that the party will not be prejudiced in defending the case;
> (3) the party must have known or should have known that but for a mistake concerning identity, the action would have been brought against the party; and
> (4) the second and third requirements occurred within the period prescribed by Rule 4(m) for service of the summons and complaint (i.e. 120 days after the filing of the Complaint).

*Hazelton v. City of Grand Prairie, Tex.*, 8 F.Supp. 2d 570, 580 (N.D. Tex. 1998); *see* also Fed. R. Civ. P. 15(c)(3).

There is no dispute that the federal claims against the individual officers arise from the same facts alleged in the original complaint. Indeed, Plaintiffs add no new factual allegations in their second amended complaint. Plaintiff Rodolfo Garza, therefore, has met the first requirement of Rule 15(c)(3). Plaintiff must also demonstrate, however, that the officers had sufficient notice of the complaint and that the failure to name them as defendants was the result of mistake. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). Thus, in addition to arising out of the "'occurrence set forth in the original complaint'", both the "'notice'" and "'mistake'" requirements must be met. *Id.*

Plaintiff Rodolfo Garza fails to demonstrate the new individual Defendants received actual timely notice of the lawsuit. This Court cannot infer such notice because there is no identity in interest between the City and the individual officers. *See Jacobsen*, 133 F.3d at 320 ("'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'") (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980)). Nevertheless, even if the Court were to rule there was sufficient identity of interest between the newly-named officers and the City to infer notice, Plaintiff has failed to show that

7

his failure to identify the individuals can be characterized as a mistake.  Even where it is clear on the face of the record that a plaintiff intends to sue a defendant, but fails to do so, this error cannot be characterized as a mistake under the relation back doctrine.  *See Jacobsen*, 133 F.3d at 321.  In *Jacobsen*, the Plaintiff's "failure to name the correct officers was due to a lack of knowledge as to their identity, and not a mistake in their names," and as a result, the plaintiff "was prevented from availing himself of the relation back doctrine of Rule 15(c)."  *Id.* at 321 (holding that for a "'John Doe'" defendant, there was no "'mistake'" in identifying the correct defendant); *see also Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (holding in section 1983 claim the relate back doctrine did not apply where plaintiff later moved to substitute as defendants two officers involved the arrest in place of suing "unknown named police officers"); *Tufaro v. Bd. of Commissioners for the Orleans Levee Dist.*, 2003 WL 21276344, at * 3 (E.D. La. June 2, 2003) (suing the wrong party or failing to identify the correct defendants does not allow relation back).

In this case, Plaintiffs have pointed out nothing in the record that would support a finding that they erred in identifying the correct defendants, which could warrant application of the relation back doctrine.  Moreover, Plaintiffs' mere failure to name the individual Defendants cannot be blamed on the necessity for more discovery to determine which officers allegedly committed the constitutional wrongs.  In fact, Plaintiffs attach Officer Gonzalez's statement referencing Officer Rene Belmares, which is dated June 28, 2002.  The identity, therefore, of the named officers was readily available with little or no discovery.  In light of these facts, Plaintiff Rodolfo Garza, individually and as a representative of the estate of the deceased, has not satisfied the requirements of Rule 15(c)(3).  As a result, Rodolfo Garza's federal claims against the individual officers, Adrian Gonzalez and Rene Belmares, alleged for the first time in the second amended complaint, do not relate back to the filing of the original complaint, and thus are not timely filed.  The Court **DISMISSES WITH PREJUDICE** Plaintiff Rolando Garza's individual federal claims against the officers and the federal claims on behalf of the estate.  The children's claims against the individual officers remain at this stage of the litigation, as the Court has determined they are not barred by the statute of limitations.  The

8

Court, therefore, **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment [Dkt. No. 5].

The Court additionally **DENIES** Plaintiffs' request for an extension of time to file a response to Defendants' Motion for Summary Judgment.  Plaintiffs have cited no reason why they need more time to respond when the answer lies not in the discovery of more facts, but rather in legal argument.  Moreover, Plaintiffs failed to explain why taking the deposition of Officer Rene Belmares has any bearing on the statute of limitations in this case.

### IV.  Motion to Dismiss State Claims

Defendants move to dismiss Plaintiffs' wrongful death claims, which allegedly arose from negligent and grossly negligent conduct, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs filed one joint response to Defendants' Motion for Summary Judgment and Motion to Dismiss.  Plaintiffs have filed three complaints in this case to date, two of which were filed in response to Defendant's Plea to the Jurisdiction filed in state court.  Defendants raised governmental immunity under the Texas Tort Claims Act ("TTCA" or "Act"), in their answers to Plaintiffs' complaint and amended complaints and in their plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon's 2002). Plaintiffs, therefore, have had ample time to allege facts, if any exist, that would constitute a waiver of immunity.  Moreover, the allegation of sufficient facts to raise waiver of immunity does not require lengthy discovery.  Plaintiffs fail to explain why taking the additional deposition of officer Rene Belmares would raise any new facts supporting waiver.  In short, Plaintiffs have failed to adequately express why they are unable to respond to Defendants' Motion to Dismiss.  The motion, therefore, is ripe for disposal, and the Court **DENIES** Plaintiffs' request for an extension of time to respond to the Motion to Dismiss.

### A.  Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000); *see also Lowrey v. Texas A & M University System*, 117 F.3d 242, 247(5th Cir. 1997)

9

(quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).  The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

### B. The City's Entitled to Governmental Immunity

Plaintiffs allege in their second amended complaint:

Defendants' conduct was negligent and grossly negligent in its failure to render proper and timely first aid to the Decedent.  The Defendant officers involved negligently failed to carry out established procedures.  Such Defendant officers' acts of negligence were of such a nature as to constitute either a waiver of governmental immunity, or were acts to which no immunity applies.  Rather than rendering aid to the Decedent, Defendants were consumed in their search for drugs that neither existed nor were found. Defendants failed to respond to the 9-1-1 call, and they failed to follow established procedures for rendering aid.

Defendants owed the Decedent a duty of care, which Defendants wholly breached. But for the negligence of Defendants, the Decedent would still be alive.  The Defendant officers involved failed to follow established laws and ordinances applicable to emergency action and constituted conscious indifference and reckless disregard for the safety of others.  The use of handcuffs to restrain Daniel Garza was improper use of tangible personal property.   The Defendant officers improperly used their communication system to respond to this emergency.  Finally, the officers improperly took possession of the Plaintiff's vehicle and misused same by stripping the door panels instead of rendering aid.

Each of the acts and/or omissions of Defendants constituted a direct and proximate cause of the injuries and damages set forth . . . .

Pls' Second Am. Cmplt. ¶ V.

Defendants argue Rio Hondo is entitled to governmental immunity from suit pursuant to the TTCA.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon's 2002). Plaintiffs' second amended complaint added negligence and gross negligence claims against Defendants.  Plaintiffs do not explicitly assert individual claims against the officers.  It is axiomatic that a suit against a government employee in his official capacity is a suit against the governmental unit, and such an employee is shielded by governmental immunity.  *See Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App. –Houston [1st Dist.] 1999, pet. dism'd w.o.j.).  The Court has already determined the minor plaintiffs' claims against the individual officers are not barred by the statute of limitations, and there is presently no pending motion to dismiss claims against the officers individually based on the officers' official immunity[3] before the Court.  The Court, therefore, addresses only those arguments raised by Defendants in their Motion to Dismiss.

Governmental immunity applies to subdivisions of the State and includes counties, cities and school districts.  *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  Immunity exists in two forms: immunity from suit and immunity from liability.  *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 2000).  The former immunity is jurisdictional, while the latter is raised as an affirmative defense and may be waived if not asserted.  *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999 (explaining that sovereign immunity from suit defeats a court's subject matter jurisdiction unless the state consents to suit expressly).  The doctrine of governmental immunity, sometimes referred to

---

[3]Official immunity is also referred to as qualified immunity.  *See Brand v. Savage*, 920 S.W.2d 672, 674 (Tex. App. - Houston [1st Dist.] 1995, no writ).  Qualified or official immunity are raised as affirmative defenses and apply when the governmental employee exercises discretion in good faith while acting within the scope of his official authority.  *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 465 (Tex. 1997); *see also City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994) (stating purpose of qualified immunity is to protect public officers from civil liability that would otherwise be actionable).

11

as sovereign immunity,[4] dictates that a governmental entity is liable for negligence only if a constitutional or statutory provision expressly waives immunity from liability.  *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994).  Section 101.021 of the TTCA lays out a limited waiver of immunity.  The state or governmental entity, including a municipality, is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon's 2002).

Certain statutory exemptions from waiver of immunity exist.  Thus, if an exemption applies, governmental immunity will protect the governmental entity notwithstanding the waiver of immunity.  *See Delaney v. Univ. of Houston*, 835 S.W.2d 56, 59 (Tex. 1992).  Section 101.056 of the TTCA contains one such exemption, and carves out an exception to the waiver of immunity for claims based on the state's discretionary policy decisions.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.056.  When injury results from policy formulation, the governmental entity is immune.  *See State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979).  The governmental entity, however, is not immune from claims resulting from the negligent implementation of policy.  *See id.*  Whether a governmental activity is discretionary is a question of law.  *See State v. Miguel*, 2 S.W.3d 249, 251 (Tex. 1999) (per curiam).

### 1. <u>Condition or Use of Tangible Personal Property Causing Death</u>

Waiver of immunity involving the condition or use of tangible personal or real property is contingent upon satisfying the statutory definition of "use."  Section 101.021(2) of the TTCA defines use as "to put or [to] bring into action or service; to employ for or [to] apply to a given purpose."  *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001).  Claims involving the failure to use, or the non-use of property, do not fall within the TTCA's waiver of immunity for the use of property.  *See id.* at 587; *Kerrville State Hosp. v. Clark*, 923 S.W.2d

---

[4]Governmental and sovereign immunity are distinct concepts although courts often use the terms interchangeably.  *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 994 n.3 (Tex. 2003).

582, 584 (Tex. 1996).  In addition to the "use" of personal or real property, the injury or death must be "caused by" the condition or use of the property.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).  Plaintiffs must allege the property's use proximately caused the injury or death.

In this case, Plaintiffs have alleged the use of handcuffs to restrain Daniel Garza was an improper use of tangible personal property.  They do not allege the use of the handcuffs *caused* the decedent's death.  Rather, Plaintiffs allege the officers' failure to render first aid caused the injury.  In fact, officers used the handcuffs on Daniel Garza who was unable to assist his mother, which was the reason the decedent and Daniel approached the police officers in the first instance.  Plaintiffs have not, therefore, properly pled the improper use of the handcuffs caused the decedent's death.

Plaintiffs additionally allege the Defendant officers improperly used their communication system to respond to this emergency.  "[P]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible."  *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) (holding TTCA waiver of immunity from suit did not apply where it was alleged patient's death was caused by the hospital staff's failure to restrain the patient after learning he was suicidal). Plaintiffs do not allege facts demonstrating the officers improper use of the communication system proximately caused the decedent's death.  Allegations consisting of general or conclusory statements of causation do not satisfy the waiver provisions of the TTCA.  *See Bossley*, 968 S.W.2d at 342-43.  Moreover, any allegation implying the officers' non-use of the communications equipment caused decedent's death is unsupportable because there is no waiver of immunity for the non use of personal or real property.  *Kerrville*, 923 S.W.2d at 584.

Finally, Plaintiffs allege the officers improperly took possession of the Plaintiffs' vehicle and misused it by stripping the door panels instead of rendering aid.  These facts also do not demonstrate the use of the vehicle gave rise to the legal injury or liability.  For example, in *Sugarland v. Ballard*, the Texas Court of Appeals held the decedent's death after he fled on

13

the freeway and was hit by a car did not arise from the police officer's failure to secure him in the patrol car.  2005 WL 174548, at * 5, n.10 (Tex. App. –Houston [1ˢᵗ Dist., no pet.], 2005) (unpublished opinion) (canvassing vehicle immunity waiver cases).  Likewise, in this case, the alleged misuse of the vehicle did not cause the decedent's death.  Case law "mandate[s] that there be a direct nexus between the use of tangible personal or real property and the plaintiff's injury." *Ector County v. Breedlove*, 2004 WL 2549146, at *2 (Nov. 4, 2004, Tex. App. –Eastland, no pet.) (discussing the *Bossley* decision).   The decedent was already in respiratory distress when she arrived at the police station, and Plaintiffs allege the officers' failure to render aid caused the death.

Plaintiffs have failed to allege facts establishing a condition or use of tangible personal or real property caused the decedent's death.  In the absence of such an allegation, they have failed to plead facts supporting a waiver of governmental immunity.

**2    .**

**Sufficiency of Officers' Discretionary Acts to Provide an Exception to the Waiver of Immunity**

Section 101.056 of the TTCA does not provide for waiver of governmental immunity.  Rather, this section provides an exception to the waiver of immunity where the claim involves the formulation, but not implementation, of policy.  The "governmental entity's right of sovereign immunity is [not] waived by the negligent implementation of property . . . if the death or injury involved did not arise from the use or condition of tangible personal property or from the operation or use of a motor-driven vehicle." *City of Orange v. Jackson*, 927 S.W.2d 784, 786-87 (Tex. App. - Beaumont 1996, no writ).  Stated differently, failure to allege a waiver of immunity under section 101.021 of the TTCA renders a claim of negligent implementation

unavailing.  *See Univ. of Tex. Health Science Ctr. at San Antonio v. Bruen*, 92 S.W.3d 24, 28 (Tex. App.–San Antonio 2002, review denied).

Plaintiffs allege the Defendants' conduct was negligent and grossly negligent in their failure to render proper and timely first aid to the Decedent, and that the Defendant officers negligently failed to carry out established procedures.  In essence, Plaintiffs allege the officers' failure to render timely first aid violated established procedures, which constituted the negligent implementation of policy.  Because Plaintiffs have failed to allege the death resulted from the use or condition of tangible personal property or from the operation or use of a motor-vehicle, they have not established a waiver of immunity under section 101.056 for the negligent implementation of policies and procedures concerning the rendering of first aid.

### 3.  <u>Defendants' Alleged Failure to Respond to the 9-1-1 Call, and Failure to Follow Established Procedures for Rendering Aid</u>

Based on Plaintiffs' skeletal response to Defendants' motions, they allege the officers who greeted the decedent and her son upon their arrival at the Rio Hondo Police Department failed to respond to the 9-1-1 call placed earlier by Daniel Garza's friend.  Plaintiffs do not seem to allege the response time of EMS was too slow, or otherwise claim the emergency response from anyone other than the two officers named in the second amended complaint was infirm.  As the Court previously found, the failure to use or the non-use of property does not fall within the TTCA's waiver of immunity for the "use of property."  *Miller*, 51 S.W.3d at 587; *Kerrville State Hosp.*, 923 S.W.2d at 584.  Moreover, the officers' alleged failure to respond to the 9-1-1 call is simply a restatement of the officers' alleged failure to render first aid.  These failures do not fall within the small class of circumstances in which the government has waived immunity, i.e. property damage, injury, or death, resulting from (1) the use of a motor-vehicle, or (2) the condition or use of tangible personal or real property.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

Additionally, even if Plaintiffs are alleging a failure of EMS personnel to follow established procedures for rendering aid, the governmental entity would still be immune. This immunity exists because despite the waiver of immunity found in section 101.021, a governmental unit is exempt from liability for claims arising from

15

the action of an employee while responding to an emergency call . . . if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2).  Section 101.062 of the TTCA explicitly applies only to claims against a public agency if the action violates a statute or ordinance. *See id.* § 101.062(b).  Plaintiffs have failed to allege any facts supporting a waiver of immunity–i.e., a violation of applicable laws or ordinances or a conscious indifference to the safety of others.  Moreover, sections 101.055(2) and 101.062(b) must be read in conjunction with section 101.021.  "[A] claim arising from the action of a governmental unit's employee while responding to an emergency call is subject to [s]ection 101.021"  *City of El Paso v. Hernandez*, 16 S.W.3d 409, 415 (Tex. App. – El Paso 2000, review denied).  The City, therefore,  "has sovereign immunity in an action involving a claim related to 9-1-1 emergency service only where governmental immunity is waived under Section 101.021 *and* where the action violates a statute or ordinance."  *Id.* at 416 (emphasis in original).  Hence, sections 101.055(2) and 101.062(b) provide additional protection to the governmental entity from suit. Plaintiffs' allegation that officers failed to respond to the 9-1-1 call does not fall within the waiver of immunity listed in section 101.021. The City, therefore, is protected by governmental immunity under the TTCA for any alleged failure to follow established procedures for rendering aid.

### V.  Conclusion

Plaintiffs have failed to plead factual allegations that fall into the limited waiver of governmental immunity under the TTCA.  The Court therefore, **DISMISSES WITH PREJUDICE** these claims.  *See Harris County v. Sykes*, 136 S.W.3d 635, 639-40 (Tex. 2004) (holding the failure to allege facts that would constitute a waiver of immunity necessitates dismissal with prejudice because "a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined.").

16

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment [Dkt. No. 5], and **GRANTS** Defendants' Motion to Dismiss [Dkt. No. 4]. At this early stage of litigation, the minor Plaintiffs' federal claims remain.

DONE at Brownsville, Texas, this 25th day of July, 2005.

_____

Hilda G. Tagle
United States District Judge